**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

AVERN LEE BURNSIDE,

        Petitioner,               Case Number: 2:16-CV-13358
                                                 HONORABLE VICTORIA A. ROBERTS

v.

SHERMAN CAMPBELL,

        Respondent.
_____/

## ORDER

1) **DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 15);**

2) **GRANTING PETITIONER'S MOTION TO SUPPLEMENT AMENDED PETITION (ECF NO. 18);**

3) **DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 19); AND**

4) **DENYING PETITIONER'S MOTION FOR CLARIFICATION (ECF NO. 20)**

Petitioner Avern Burnside filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. Petitioner challenges his convictions for assault with intent to murder, Mich. Comp. Laws § 750.83; carrying a concealed weapon, Mich. Comp. Laws § 750.227(2); felon in possession of a firearm, Mich. Comp. Laws § 750.224f; discharging a weapon from a vehicle, Mich. Comp. Laws § 750.234a; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Now before the Court are

Petitioner's Motion for Appointment of Counsel, Motion to Supplement Amended Petition, Motion for Summary Judgment, and Motion for Clarification.

I. Discussion

    A. Motion for Appointment of Counsel

Petitioner seeks the appointment of counsel. Petitioner has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The Court determines that the interests of justice do not require appointment of counsel.

    B. Motion to Supplement Amended Petition

Petitioner has filed a Motion to Supplement Amended Petition. Federal Rule of Appellate Procedure Rule 15(a)(2) allows a party to amend a pleading by leave of court and provides that the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Petitioner's request to supplement his amended petition does not appear to be made in bad faith or to be an attempt to delay the proceedings. The supplement to the amended petition provides additional support and argument for the claims raised in the amended petition. It does not raise additional claims for relief. Further, Respondent

does not oppose the motion. The Court will grant the motion.

   C.   **Motion for Summary Judgment**

A motion for summary judgment under Fed. R. Civ. P. 56 presumes the absence of a genuine issue of material fact for trial. The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotes omitted).

A fact is "material" if its resolution affects the outcome of the lawsuit. *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001). "Materiality" is determined by the substantive law claim. *Boyd v. Baeppler*, 215 F.3d 594, 599 (6th Cir. 2000). An issue is "genuine" if a "reasonable jury could return a verdict for the nonmoving party." *Henson v. Nat'l Aeronautics & Space Admin.*, 14 F.3d 1143, 1148 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 248). Irrelevant or unnecessary factual disputes do not create genuine issues of material fact. *St. Francis Health Care Centre v. Shalala*, 205 F.3d 937, 943 (6th Cir. 2000). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of

material fact.  *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).  Thus a factual dispute which "is merely colorable or is not significantly probative" will not defeat a motion for summary judgment which is properly supported.  *Kraft v. United States*, 991 F.2d 292, 296 (6th Cir. 1993); *see also Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am. v. BVR Liquidating, Inc.*, 190 F.3d 768, 772 (6th Cir. 1999).

The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine dispute over material facts.  *Mt. Lebanon Personal Care Home, Inc. v. Hoover Univ., Inc.*, 276 F.3d 845, 848 (6th Cir. 2002).  The party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

In this case, Petitioner has failed to satisfy the burden of identifying portions of the record which demonstrate the absence of a genuine dispute over material facts.  *Mt. Lebanon Personal Care Home, Inc. v. Hoover Univ., Inc.*, 276 F.3d 845, 848 (6th Cir. 2002).  Respondent's answer to the first amended petition challenges the claims raised in the petition and shows sufficient disagreement based upon case law and sound legal reasoning that summary judgment is not appropriate.  Thus, the Court shall deny this motion.

### D. Motion for Clarification

Finally, Petitioner has filed a Motion for Clarification. A review of the motion shows that he is not *seeking* clarification from the Court. Instead, he seeks to clarify for the Court the claims raised in the habeas proceeding. The Court already has before it Petitioner's first and second amended petitions, reply brief, and motion to supplement. Further clarification is not needed and the motion will be denied.

## II. Order

For the reasons stated, the Court DENIES Petitioner's Motion for Appointment of Counsel (ECF No. 15), Motion for Summary Judgment (ECF No. 19), and Motion for Clarification (ECF No. 20). The Court GRANTS Petitioner's Motion to Supplement Amended Petition (ECF No. 18).

S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

DATED: February 13, 2018